FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  -vs-<br><br>JORGE VIRGEN-PONCE,<br><br>                Defendant. | No.   2:18-CR-0092-WFN-1<br><br>ORDER DISMISSING INDICTMENT<br><br>**UNITED STATES MARSHAL ACTION REQUIRED** |

A pretrial conference and motion hearing was held July 24, 2018. The Defendant, who is in custody, was present and represented by Miles Pope and assisted by Court-appointed interpreter Bea Rump; Assistant United States Attorney Matthew Duggan represented the Government.

The Court addressed Defendant's Motion to Dismiss. ECF No. 27. The Defendant challenges the validity of the prior deportation because the notice to appear failed to include the time and date of the hearing as required by 8 U.S.C. § 1229(a):

> In removal proceedings under section 1229a of this title, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) specifying the following:
>
>     (A) The nature of the proceedings against the alien.
>
>     (B) The legal authority under which the proceedings are conducted.
>
>     (C) The acts or conduct alleged to be in violation of law.
>
>     (D) The charges against the alien and the statutory provisions alleged to have been violated.
>     (E) The alien may be represented by counsel and the alien will be provided (i) a period of time to secure counsel under subsection (b)(1) and (ii) a current list of counsel prepared under subsection (b)(2).

ORDER - 1

(F)(i) The requirement that the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings under section 1229a of this title. (ii) The requirement that the alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number. (iii) The consequences under section 1229a(b)(5) of this title of failure to provide address and telephone information pursuant to this subparagraph.

(G)(i) The time and place at which the proceedings will be held. (ii) The consequences under section 1229a(b)(5) of this title of the failure, except under exceptional circumstances, to appear at such proceedings.

8 U.S.C. § 1229 (West). The Supreme Court recently examined this statute in the context of an immigration mechanism known as the "stop time rule." The Supreme Court concluded that, "A notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a).'" *Pereira v. Sessions*, 138 S. Ct. 2105, 2113-14 (2018). "If the three words 'notice to appear' mean anything in this context, they must mean that, at a minimum, the Government has to provide noncitizens 'notice' of the information, i.e., the 'time' and 'place,' that would enable them 'to appear' at the removal hearing in the first place. Conveying such time-and-place information to a noncitizen is an essential function of a notice to appear, for without it, the Government cannot reasonably expect the noncitizen to appear for his removal proceedings." *Id*. At 2115. In support of this plain reading of the statute, the Supreme Court notes that the same section addresses an alien's right to an attorney. If the alien does not know the date and time of the hearing they are effectively denied their right to counsel for the hearing.

The Government argues that because the context for the plaintiff in the *Pereira* case differs from the Defendant's, that the Court need not apply the clear language of the statute and the Supreme Court's interpretation thereof. Further, the Government argues that despite the lack of compliance with the statute as a Notice to Appear, the document served upon the Defendant still met the 8 C.F.R. § 1003.14 definition of a charging document sufficient to confer jurisdiction on the immigration court.

ORDER - 2

The Court concurs from a practical standpoint Defendant clearly became aware of the time and date set for the immigration hearing because he was in custody at the time and was transported to the hearing. However, the Court must rely upon the plain language of the statute as well as the precedent set by the Supreme Court. The statute plainly states that the Notice of Hearing must contain the date and time of the hearing. Lack of such information deprives the alien of proper notice as required by § 1229(a). Since the Notice of Appearance in this case omits information required by the statute, the Notice is deficient.

The immigration judge lacked jurisdiction over Defendant's case because of the deficient Notice. "Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14.

> Charging document means the written instrument which initiates a proceeding before an Immigration Judge. . . For proceedings initiated after April 1, 1997, these documents include a Notice to Appear, a Notice of Referral to Immigration Judge, and a Notice of Intention to Rescind and Request for Hearing by Alien.

8 C.F.R. § 1003.13. Contrary to the Government's position, the charging document required to vest jurisdiction must include a Notice to Appear. Immigration judges examining this issue have reached the same conclusion as this Court that lack of a valid charging document as required by § 1229(a) means that the IJ lacks jurisdiction. See ECF No. 27, Exhibit 3. Lack of a statutorily compliant Notice to Appear in Defendant's case means that the immigration court did not have jurisdiction.

The Defendant need not show that he exhausted administrative remedies because the immigration court proceedings were void. The Government recognizes that exceptions to exhaustion exist. "Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, . . . or where the administrative proceedings themselves are void." *United Farm Workers of Am., AFL-CIO v. Arizona Agr. Employment Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982). Administrative proceeding held where the immigration court lacked jurisdiction are void. See *Wilson v. Carr*, 41 F.2d 704, 706 (9th Cir. 1930) ([I]f the order is void on its face for want of jurisdiction, it is the duty of this

and every other court to disregard it.") Consequently, Defendant's case rests on an invalid deportation and must be dismissed. The Court has reviewed the file and Motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Dismiss, filed July 13, 2018, **ECF No. 27**, is **GRANTED**.
2. The Indictment is **DISMISSED without prejudice.**

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** United States Marshals Service**--action required**.

**DATED** this 26th day of July, 2018.

07-24-18

                                    s/ Wm. Fremming Nielsen
                                    WM. FREMMING NIELSEN
                SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4