UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  -vs-<br><br>JORGE VIRGEN-PONCE,<br><br>                Defendant. | No.   2:18-CR-0092-WFN-1<br><br>ORDER |

      Pending before the Court is the Government's Motion for Reconsideration. ECF No. 38. According to the Local Rules "the court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LR 12(c)(5). The Government does not explicitly state a basis for reconsideration, but indicates that the motion is based, in part, "on a decision from the Central District of California. . . ." ECF No. 38. The Government later filed a Notice of Supplemental Exhibit 5, including new evidence which was not filed in support of the original motion. ECF No. 42. When asked to explain why this new evidence could not be brought to the Court's attention earlier, the Government argued that it was not in the A-file. However, the Government acknowledges that the late filed exhibit was in a database accessible to the Department of Homeland Security and was directly relevant to the underlying deportation proceedings.

      The Government has neither made a showing of manifest error, nor provided a showing of new facts or legal authority that could not have been discovered earlier had the Government exercised reasonable diligence. No controlling authority has been issued that would give cause for the Court to reconsider its' previous ruling. District courts across the

country are grappling with the issue, but the Ninth Circuit has not yet addressed it. While the Government did provide new facts, the Government cannot show that the Notice of Hearing "could not have brought to [the Court's] attention earlier with reasonable diligence." The Government indicates that the Notice of Hearing was in a database maintained by the "exclusive representative of the Department of Homeland Security." The Government managed to procure other documents pertinent to the case such as the A-file. Once the Defendant had filed the motion, there is no reason the Government would not have been on notice that documents filed in relation to the underlying deportation hearing would not be relevant and important to seek at that time. The agent assigned to the case is a DHS representative and presumably would have access to the files and documents from their own agency. The Government clearly did not exercise reasonable diligence in tracking down relevant documents pertinent to the underlying deportation hearing. Since the Government has failed to state a valid basis, the Motion for Reconsideration must be denied.

The Court has reviewed the file and Motions and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. The Government's Motion for Reconsideration, filed August 23, 2018, **ECF No. 38**, is **DENIED**.

2. The Government's Motion to Expedite Hearing, filed August 22, 2018, **ECF No. 35**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 15th day of October, 2018.

10-11-18

                          s/ Wm. Fremming Nielsen
                          WM. FREMMING NIELSEN
        SENIOR UNITED STATES DISTRICT JUDGE